(October 29, 1964)

■ GEORGE A. WHITE, Respondent, v. OTHMAR H. AMMANN et al., Doing Business as AMMANN & WHITNEY, Appellants.

*Per Curiam.* In this action to recover for alleged breach of a contract of employment, the trial court's finding that the plaintiff sought and obtained from

the defendants permission for a 30-day leave of absence from his employment is contrary to the weight of the evidence. It was established by the preponderance of the evidence that the plaintiff, without consent of the defendants, voluntarily left his place of employment in Iran and abandoned his employment when he left there in September, 1959. This was established by the documentary evidence and the very credible testimony of the witnesses Sherman, Wackerman and Best. On the other hand, the testimony of the plaintiff that he was given a leave of absence to straighten out personal problems and difficulties is not credible.

On September 23, 1959, just prior to flying to the United States, the plaintiff wrote in his log book, kept on the job, that he had " found that I am unable to continue with my work here [giving reasons] * * *. Therefore, it is my intention to depart the area on today's plane for Teheran. It is my intention to make a full report of my findings to the proper authorities in Teheran prior to my departure from Iran." This statement of the plaintiff is inconsistent with his claim of an understanding that he would return to his job in Iran with his family after the 30-day leave of absence. Then, upon leaving for the United States, he purchased a one-way airline ticket and did not take advantage of the considerable savings realizable on the purchase of a round-trip ticket. Furthermore, he paid for the ticket with his own funds and testified that Mr. Sherman, representing the defendants, had said that the defendants did not have funds available at the time. This was not true, because it was uncontradicted that Sherman did have funds available if the defendants wanted to purchase the ticket for the plaintiff's transportation, and furthermore, Sherman testified that the plaintiff would not have had to purchase his own ticket if he intended to return to Iran.

Two checks were mailed to plaintiff on October 6, 1959, with a letter indicating that it was the defendants' position that the plaintiff's employment had ended. The checks contained the statement on the back that the indorsement thereof by the plaintiff would operate to discharge the defendants from " all claims arising in connection with my employment with them." Accompanying the checks was a letter addressed to the plaintiff, headed " Final Payment " and stating that the checks represented " payment in full of all monies due you." With the letter was enclosed a release for the plaintiff to sign, purporting to release the defendants from " all claims arising in connection with [plaintiff's] employment by them." It is true that plaintiff denies receiving the letter and release form but he did receive the checks and there was satisfactory evidence that the letter accompanied and was mailed with the checks. In any event, the notation on the checks, which the plaintiff indorsed and cashed, gave notice that the defendants were claiming that the plaintiff's employment had terminated; yet, he made no effort to refute this claim of the defendants or to set things right with them until 18 days later (on Oct. 24) when he says he took his family to New York and reported at defendants' New York office for immediate transportation back to Iran. If the understanding was that plaintiff was to return to Iran, there is no reasonable explanation why he waited until the last day of his alleged 30-day leave of absence (Oct. 24) for his return to the job, particularly in view of the fact that he was certainly on notice that the defendants were claiming that his employment had ended.

Furthermore, plaintiff testified that he went to the office on October 24 to pick up the airplane tickets for himself and his family and that there he talked with Best, who was defendants' associate in charge of foreign operations. It appears, however, from the 1959 calendar, that October 24 was a Saturday and according to plaintiff's own testimony, the defendants' offices were generally closed on Saturdays. There is nothing in the testimony to explain why the

defendants' offices were open on this particular Saturday. Best, who was called as a witness, denied the meeting, and we accept his testimony as credible.

Finally, there is plaintiff's letter of December 7, 1959, addressed to a partner in the defendants' firm. It is significant that, notwithstanding that he had not been paid any salary for the months of October and November, he did not in this letter make a claim for his unpaid salary. He did not ask for payment of back salary but merely wrote that he had "been without income for over 2 months now", and wanted to know, in reply to the letter, "what I might expect * * * in the near future in the way of a new assignment either in Washington or elsewhere." The plaintiff's position, as evidenced by this letter, is inconsistent with his claim now that his contract of employment had not then been terminated. In view of such claim, there is, in fact, no reasonable explanation in the record for his failure, in the letter or independent thereof, to have made a specific demand for the unpaid salary owing for the months of October and November.

Findings of fact contained in the decision of the trial court, insofar as they are inconsistent herewith, are reversed, and new findings of fact made as indicated herein. The judgment for plaintiff should be reversed, on the law and the facts, with costs, and complaint should be dismissed, with costs.

Botein, P. J., Rabin, Eager, Steuer and Bastow, JJ., concur.

Judgment unanimously reversed upon the law and upon the facts, with $50 costs to the appellants. Findings of fact contained in the decision of the trial court, insofar as they are inconsistent with opinion *Per Curiam* of this court filed herein, are reversed, and new findings of fact made as indicated in the opinion *Per Curiam* filed herein.